Filed: 5/1/2023 12:00 AM
Michael Gould
District Clerk
Collin County, Texas
By Tatiana Ortega Deputy
Envelope ID: 75155804

CAUSE NO. 471-02175-2023 _____

| | | |
|---|---|---|
| **MERCEDEZ DUNN,** | § | IN THE _____ |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **DISTRICT COURT** |
| | § | |
| **RACETRAC INC. f/k/a RACETRAC** | § | |
| **PETROLEUM, INC., d/b/a** | § | **COLLIN COUNTY, TEXAS** |
| **RACETRAC and RACETRAC #609** | | |

*Defendant.*

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCOVERY

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, MERCEDEZ DUNN (hereinafter sometimes referred to as "Plaintiff" and/or "Ms. Dunn") and files this her Original Petition, complaining of RACETRAC INC. f/k/a RACETRAC PETROLEUM, INC. d/b/a RACETRAC and RACETRAC #609 and (hereinafter referred to as "Defendant" and/or "Racetrac"), and for causes of action would respectfully show the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff requests a Level III discovery control plan, and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.00.

## II.

## CLAIM FOR RELIEF

2. Pursuant to Texas Rule of Civil Procedure 47, Plaintiff seeks damages due to injuries sustained in an incident at Defendant's store due to a fall. The monetary relief sought is over $250,000 but not more than $1,000,000.

## III.
## PARTIES

3. Plaintiff Mercedez Dunn is an individual residing in Little Elm, Texas. The last three numbers of Ms. Dunn's Social Security are 676.4.

4. Defendant RACETRAC INC. f/k/a RACETRAC PETROLEUM, INC. d/b/a RACETRAC and RACETRAC #609, a nonresident corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent or the corporation, Corporate Creations Network Inc., via certified mail, return receipt requested, or by personal service at 5444 Westheimer #1000, Houston, Texas 77056, its registered office, or wherever the registered agent may be found.

5. Whenever in this petition it is alleged that a Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, and/or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification, or approval of that Defendant or was done in the routine and normal course and scope of employment of that Defendant's officers, directors, vice-principals, agents, servants, and/or employees. Accordingly, Defendant had actual knowledge of all adverse actions and conduct against Plaintiff through Defendant's respective officers. Directors, vice-principals, agents, servants, and/or employees.

## IV.
## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over the case because the amount in controversy for the Plaintiff, exclusive of costs and interest, is within the jurisdictional limits of this Court.

7. Venue in this case is proper in Collin County, Texas because the incident giving rise to this cause of action took place in Collin County, Texas. The Plaintiff and Defendant were in Collin County when the fall and injury made the basis of this suit occurred.

8. Further, pursuant to Texas Civil Practices and Remedies Code 15.002, Defendant regularly conducts business in this County and the State of Texas as Defendant has numerous stores it operates in this County and State including Racetrac #609 which is the location of the incident made the basis of this suit and where Defendant maintains and operates its business.

## V.
## STATEMENT OF FACTS

9. This suit is necessary to collect a legal debt and damages due and owing Plaintiff because of an incident that occurred on or about April 30, 2021 at the Racetrac located at 4510 Trinity Mills Road, Dallas, Texas 75287.

10. At the outset, Plaintiff requests that Defendant herein do not destroy, shred, alter, and/or modify any tangible evidence, reports, statements, photographs, video, magnetically stored data, or other such documentation pertaining to the incident described herein, including a factual or legal issue which potentially may arise herein, or any other documentation which may bear on or be relevant to any material issue in this cause pursuant to any document retention program or any other policy or practice.

11. On or about April 30, 2021, Ms. Dunn was at the Racetrac located at 4510 Trinity Mills Road, Dallas, Texas. Ms. Dunn entered Racetrac as a customer to make a purchase from the Defendant. When Ms. Dunn entered the store, she suddenly slipped and fell on a clear wet substance that was covering the floor in the customer walkway. The clear wet substance was not open and obvious. After the fall, Plaintiff had pain and swelling, including a wrist fracture, and later sought treatment. At all times relevant hereto, Ms. Dunn was exercising reasonable care for her own safety and well-being.

12. On the area of the store where Plaintiff was walking and fell, there was not a warning sign or hazard marker to indicate to Plaintiff or other customers that the part of the floor where Ms. Dunn fell was slippery. However, Racetrac was aware of a clear wet substance on the floor because Racetrac had placed a warning sign in a nearby customer floor area but not where it was seen or could be seen by Ms. Dunn pursuant to her direction of travel. Further, no Racetrac employee warned Ms. Dunn, of the potential and risk of slipping on the clear wet substance on the floor. Further, no Racetrac employee placed a mat to deter slipping on Racetrac's wet floor or to protect entering customers, such as Ms. Dunn, from Racetrac's wet floor.

## VI.
## CAUSE OF ACTION AGAINST DEFENDANT

13. The slippery wet floor ("hazard" and/or "dangerous condition") which caused Plaintiff to fall posed an unreasonable risk of harm to persons similarly situated.

14. Defendant actually knew or reasonably should have known of the hazard, risk and danger caused by the wet floor and slippery substance on the floor, but nevertheless failed to exercise reasonable and ordinary care to prevent, eliminate and remove the hazard and further failed to properly alert, guard and protect Ms. Dunn from the hazard.

15. In the alternative, Defendant constructively was aware of the wet floor and slippery substance on the floor, but nevertheless failed to exercise reasonable and ordinary care to prevent, eliminate and remove the hazard and further failed to properly alert, guard and protect Ms. Dunn from the hazard.

16. In the alternative, Defendant' employees actually created the conditions that gave rise to the hazard or were actually aware of the wet floor and slipper substance on the floor, knew of the hazard, and had a reasonable opportunity to alert Racetrac's guests and/or customers.

17. Defendant owed a duty to Plaintiff as a business invitee to warn of said dangerous condition and to make the dangerous condition safe. Defendant beached this duty by failing to warn and failing to make safe the dangerous condition.

18. The Defendant's acts and inactions are a proximate cause of and resulted in serious, continual and permanent physical injury, loss of good health and damages to Ms. Dunn.

19. Defendant was the owner, manager, and/or possessor in control of the property located at 4510 Trinity Mills Road, Dallas, Texas at the time of the incident made the basis of this litigation, and was in charge and responsible for controlling, managing, inspecting, cleaning and maintaining a safe environment for Defendant's customers, such as Ms. Dunn.

20. At all times relevant to these causes of action, Defendant acted, or failed to act, by and through their agents, employees, officers, principals, and vice-principals, acting within the course and scope of their respective employment, agency, or other relationship.

21. The acts and omissions of Defendant were, singularly and severally, a proximate cause of the occurrence in question, and of Ms. Dunn's injuries.

## VII.
## CAUSATION

22. The above and foregoing acts and/or omissions were a proximate cause of Ms. Dunn's injuries and damages and were committed and/or omitted by Defendant, its representatives, agents and/or servants in the course and scope of its agency and/or representation.

23. Defendant created said condition on the premises that posed an unreasonable risk of harm to Ms. Gutierrez. Alternatively, Defendant herein knew or should have known about the dangerous condition on its premises as herein stated.

24. As a proximate result of the incident describe herein, Ms. Dunn incurred reasonable and necessary medical expenses and, in all reasonable medical probability, such medical expenses will continue in the future.

## IX.
## DAMAGES

25. As a proximate result of Defendant' negligence, actions, and/or inactions, Ms. Dunn received serious injuries. As a proximate cause of Defendant' negligence, actions, and/or inactions, Ms. Dunn's damages are within the jurisdictional limits of this Court.

26. As a result of the incident described herein, Plaintiff incurred reasonable and necessary medical expenses and, in all reasonable probability, such medical expenses will continue in the future.

27. Plaintiff has experienced physical pain and suffering in the past as a result of her physical injuries, and in all reasonable probability, will sustain physical pain and suffering in the future as a result of her physical injuries.

28. Plaintiff has experienced mental anguish in the past as a result of her physical injuries and, in all reasonable probability, will sustain mental anguish in the future as a result of her physical injuries.

29. Plaintiff has experienced physical impairment or physical incapacity in the past as a result of the incident and, in all reasonable probability, will sustain physical impairment or physical incapacity in the future.

30. Plaintiff has experienced physical disfigurement in the past as a result of the incident and, in all reasonable probability, will sustain physical disfigurement in the future.

31. Plaintiff has suffered lost wages and/or lost earning capacity in the past as a result of the incident and, in all reasonable probability, such lost earning capacity will continue in the future.

## X.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

32. Plaintiff herein claims lawful interest in accordance with statutes of the State of Texas and any other applicable law.

## XI.
## REQUEST FOR DISCLOSURES

33. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests Defendant to disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and upon final hearing of this cause, Plaintiff have judgment against

Defendant for damages described herein, for costs of suit, interest from the date of the incident, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_/s/ B. Ward Maedgen_
**B. WARD MAEDGEN**
State Bar No. 00794211

**LAW OFFICE OF B. WARD MAEDGEN, P.C.**
8144 Walnut Hill Lane, Suite 1080
Dallas, Texas 75231
214/651-4288 (Telephone)
214/747-1825 (Facsimile)
ward@texcrime.com

**ATTORNEY FOR PLAINTIFF**